UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                     -against-<br><br>EDDIE COTTO,<br><br>                         Defendant. | **Defendant's Proposed Jury Instructions**<br><br>18 Cr. 413 |

PLEASE TAKE NOTICE, that the defendant Eddie Cotto respectfully requests that the Court instruct the jury as follows.

*First*, Mr. Cotto requests that the Court amend its proposed instruction on the quantity of heroin to follow the principles explained by the Second Circuit in *U.S. v. Pauling*, 924 F.3d 649, 655-659 (2d Cir. 2019), a copy of which is attached hereto. In light of *Pauling*, we propose replacing the Court's draft Instruction No. 14 with the following (amendments in *italics*):

> **If, but only if, you conclude that the Government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must determine whether he agreed to a plan to distribute heroin, cocaine, or both. Furthermore, if he agreed to distribute heroin, you must then determine whether** *the conspiracy constituted an agreement to a plan to distribute or possess with intent to distribute* **(a) more than one kilogram of heroin, (b) less than one kilogram of heroin but at least 100 grams of heroin, or (c) less than 100 grams of heroin.**

> *The drug quantity attributable to a person who has been found beyond a reasonable doubt to be a participant in a conspiracy includes (1) transactions in which he participated directly, (2) transactions in which he did not personally participate, but where he knew of the transactions or they were reasonably foreseeable to him, and (3) quantities he agreed to distribute with intent to distribute regardless of whether he ultimately committed the substantive act.*
>
> *To prove the quantity by one of these means, you must find specific evidence of drug quantities, or evidence from which quantity can, through inference, be logically approximated or extrapolated. In other words, while the quantity of heroin may be determined through extrapolation, approximation, or deduction, there must be evidence of known quantities, which are sufficiently representative of the unknown quantities and from which an approximation of the unknown quantities can logically be derived.[1]*
>
> *You may not speculate that the defendant engaged in drug transactions for which the government has not provided evidence beyond a reasonable doubt.*
>
> **The verdict form that I will submit to you will have a place where you can answer** *the question of drug quantity*. **As I have already instructed you, your findings on quantity, like your other findings, must be unanimous and beyond a reasonable doubt.**

*Second*, the defense requests a "multiple conspiracies" instruction to prevent a variance between the specific conspiracy charged in Count One of the Indictment—a conspiracy to distribute heroin and cocaine from May 2017 to June 2018—and the various other conspiracies alleged by government witness Joseph Llanos, who claimed to have sought Mr. Cotto's permission to sell drugs with a partner at the same location, as well as the individual controlled

---

[1] This proposed language is taken from *U.S. v. Pauling*, 924 F.3d at 657.

2

buys where Mr. Cotto allegedly steered the buyers to various others, which could be separate agreements to sell small amounts of drugs.

Accordingly, we request the Court add the following, which is the Multiple Conspiracies instruction found in Sand, et al., *Modern Federal Jury Instructions,* Criminal Instr. 19-5:

> **In this case, the defendant[] contend[s] that the government's proof fails to show the existence of only one overall conspiracy. Rather, the[ defense] claim[s] that there were actually several separate and independent conspiracies with various groups of members.**
>
> **Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.**
>
> **When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.**
>
> **Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the indictment.**
>
> **You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.**

**On the other hand, if you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.**

**Similarly, if you find that [the] [] defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge.**

**Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.**

Sand, et al., 1 Modern Federal Jury Instructions-Criminal P 19.01, Instr. 19-5.

Dated: New York, New York
July 18, 2021

Respectfully submitted,

ZMO Law PLLC

By: _s/Zachary Margulis-Ohnuma_
Zachary Margulis-Ohnuma
Victoria Nicole Medley
260 Madison Avenue, 17th Fl.
New York, NY 10016
(212) 685-0999

CC:   All parties (via ECF)

4