```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :    18-cr-413 (JSR)
          -v-                              :
                                           :    MEMORANDUM ORDER
                                           :
EDDIE COTTO,                               :
                                           :
          Defendant.                       :
------------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Pending before the Court is defendant Eddie Cotto's renewed motion for a judgment of acquittal on the charge under 21 U.S.C. § 841(b)(1)(B), pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

By way of background, on September 10, 2020, a grand jury returned a five-count superseding Indictment against defendant. Count One of the Indictment charged defendant with conspiring to distribute controlled substances — namely, at least one kilogram of heroin, and mixtures and substances containing a detectable amount of cocaine — from in or about May 2017 up to and including in or about June 2018, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C) and 846.

On July 14, 2021, trial began against defendant. At trial, the Government introduced extensive evidence of defendant's participation in, and role as leader of, the charged conspiracy through the testimony of an array of witnesses and exhibits. Specifically, the Government's evidence showed that from approximately May 2017, through the date of his federal arrest in June 2018, the defendant ran a conspiracy that

sold powder cocaine and heroin primarily in or around a building located at 1760 Lexington Avenue (the "Building").

At the close of the Government's case, defendant moved to dismiss Counts One through Four of the Indictment pursuant to Rule 29. As relevant here, defendant argued that the evidence was insufficient to prove that the conspiracy involved one kilogram of heroin or even 100 grams of heroin. Trial Transcript ("Tr.") at 631-653. In particular, defendant argued that, although the Government recovered 79.1 grams of heroin from defendant and his associates, there was no evidence of a specific transaction from which the jury could have concluded that the conspiracy involved, in addition to the 79.1 grams, approximately 21 more grams of heroin.

The Court denied the motion with respect to 100 grams of heroin but granted it with respect to one kilogram of heroin. In denying defendant's motion with respect to 100 grams, the Court observed that the Government provided sufficient testimony and evidence to prove that defendant and his co-conspirators sold drugs regularly over an extended period of time and that just a week's worth of heroin sales from the drug operation constituted more than 21 grams of heroin. See Tr. at 651. Most notably, one of defendant's coconspirators, Ervin Ortiz, explained to the confidential informant that the drug operation suffered a "big loss" because "the week's worth" of drugs had been seized a few days prior – a seizure that recovered 29 grams of heroin. GX 306T:2; GX 411. From this statement, a jury could have reasonably inferred that 29 grams of heroin equaled approximately one week's

worth of heroin sales for the defendant's drug operation. This inference is further supported by a statement made by Ortiz, during that same conversation with the confidential informant, referring to the amount of narcotics seized from defendant on the day of his arrest – that is, approximately 10 grams – as "3 days, 2 days" worth of narcotics. GX 306T:2; GX 413; GX 414. Based on these statements and other evidence, the Court held that a jury could reasonably infer that defendant and his coconspirators sold at least an additional 21 grams of heroin over the course of the conspiracy.

On July 21, 2021, the jury returned a verdict of guilty against defendant on all five counts, and found that defendant had distributed 100 grams and more of heroin in connection to Count One. On August 20, 2021, defendant filed a motion renewing his request pursuant to Rule 29 on essentially the same grounds as those raised in the previous motion, that is, that the Government did not prove that defendant was responsible for agreeing to distribute, or possess with intent to distribute, 100 grams or more of heroin. ECF No. 182. Although conceding that the government recovered 79 grams of heroin from defendant and his coconspirators, defendant argued, once again, that the Government did not present "sufficient, non-speculative evidence for the jury to conclude that [defendant], in fact, agreed to distribute an additional 21 grams or more of heroin." Id. at 2.

In support of its motion, defendant relies primarily – as it did in its previous motion – on the Second Circuit's opinion in United States v. Pauling, 924 F.3d 649 (2d Cir. 2019), to claim that the

3

Government has failed to meet its burden. In that case, defendant Pauling argued that the Government failed to prove that he conspired with co-defendant Low to distribute 100 or more grams of heroin. On appeal, Pauling conceded that the Government proved that Pauling conspired with Low to distribute 89 grams of heroin, in light of wiretap evidence which described four instances in which Pauling purchased heroin from Low. Id. at 653. To reach the 100-gram threshold, the Government argued that, during a sale of 14 grams of heroin, a drug customer's single statement to Pauling that the customer wanted to purchase the "same thing as last time" was sufficient for the jury to infer that there had been a prior 14-gram transaction in which Pauling gave the customer heroin that had been supplied by Low. Id. However, the Second Circuit rejected that argument, finding that the customer's "five words," on their own, were insufficient for the jury to reasonably infer that the customer had previously purchased from Pauling 14 grams of heroin that had been supplied by Low, as opposed to one of Pauling's "many other suppliers, any one of whom could have supplied the heroin for the prior transaction." Id. at 659.

Here, on the other hand - as the Court explained in denying defendant's previous motion, see Tr. at 651 - the Government provided much more than the ambiguous "five words" at issue in Pauling. Indeed, in addition to the two statements from Ortiz, discussed above, the jury was provided with, inter alia, defendant's own admissions about his daily drug-selling hours (GX 301T:5-6), testimony of a witness,

4

Luis Torres, regarding seeing and hearing defendant and his coconspirators in and around the Building each day and witnessing drug sales (Tr. 28-37), and cooperating witness Joseph Llanos's testimony about his own heroin purchase and observing drug sales and quantities of heroin inside the Building (Tr. 353-65). Taken together, this evidence was much more than sufficient to permit the jury to reasonably infer that, during the over 52-week period of the charged conspiracy, the defendant conspired to sell at least 21 grams – approximately a week's worth – of additional heroin.[1] See Pauling, 924 F.3d at 657 (a jury is permitted to make an "approximation of unknown quantities" of controlled substances based on the "evidence of known quantities"); See also United States v. Adames, 727 F. App'x 12, 14 (2d Cir. 2018) (a "jury [is] not limited to consideration of direct evidence" and may "infer the existence of . . . additional" quantities of controlled substances "from circumstantial evidence").

Accordingly, the Court denies defendant's renewed Rule 29 motion. Defendant's sentencing will proceed as scheduled on November 3, 2021 at 4pm. The Clerk of the Court is direct to close document number 181 on the docket.

---

[1] Moreover, such an inference was not precluded by testimony that there were some number of unsuccessful controlled buy operations, see Tr. 565-64, or one witness's testimony that there were no sales in the afternoon and that he was refused when he first went to buy heroin because he arrived too late in the day, see Tr. 358-59. As defendant's own statements reflected, although the drug operation was regular, it did not proceed at all hours. See GX 301T:5-6.

SO ORDERED.

Dated:   New York, NY
         October 28, 2021

_____
JED S. RAKOFF, U.S.D.J.